**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER ZAPATA GARCIA, Petitioner, v. STEVIE KNIGHT, Respondent. | Civil Action No. 23-2789 (KMW) **OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Alexander Zapata Garcia pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has now paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice for lack of exhaustion.

**I.   BACKGROUND**

Petitioner is a convicted federal prisoner currently serving a 108-month sentence for drug distribution charges arising out of the Southern District of Florida. (ECF No. 1 at 3.) Petitioner is currently scheduled for release in May 2024. (*Id.*) Several months ago, Petitioner was awarded a considerable amount of good time credits pursuant to the First Step Act. (*Id.*) Those credits were

withdrawn from him in May 2023, however, as the BOP determined that Petitioner was now subject to a final order of removal which rendered him ineligible for good time credits under the First Step Act. (*Id.* at 3-4.) In his current habeas petition, Petitioner seeks to challenge the determination that he is now subject to a final order of removal sufficient to render him ineligible for those credits. (*Id.* at 4-8.) Prior to filing this habeas matter on May 23, 2023, however, Petitioner made no efforts to pursue administrative exhaustion of his claims, nor did he provide the BOP with a full opportunity to address the factual dispute at the heart of his petition – whether he is now subject to a final order of removal which would render him ineligible for First Step Act credits. (*See* ECF No. 1 at 2.) Petitioner requests that this failure to exhaust be excused, however, because he believes that it would take too long to resolve and because he believes it is "futile" to ask for relief from the BOP which is charged with determining credit applicability under the First Step Act. (*Id.*)

II. **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss

summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. DISCUSSION

In his current petition, Petitioner argues that he should not have been deprived of credits under the First Step Act because he believes that he is not actually subject to a final order of removal. While the First Step Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023). The issue at the heart of Petitioner's challenge, then, is factual – whether he is in fact subject to a final order of removal as stated by the BOP to Petitioner, or whether Petitioner is correct that no such order has yet been entered.

Petitioner did not attempt to resolve this factual dispute administratively before filing his habeas petition in this matter, and instead seeks to eschew exhaustion through a habeas petition because he believes it is inappropriate to permit the BOP to resolve the question and that it would in any event take too long. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of

3

such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Indeed, because the BOP is the administrative entity tasked with calculating the number and applicability of federal prison credits, they have the full ability and authority to correct factual errors and apply credits as needed. *Barksdale v. Sing Sing*, 645 F. App'x 107, 109-10 (3d Cir. 2016).

A request to resolve any alleged factual error affecting credit calculation is thus not futile, and is often necessary to develop the factual record required for judicial review. *Id.* Because Petitioner's claim presents a factual issue that he wishes to have resolved – whether a final order of removal exists – the pursuit of administrative remedies would not be futile – Petitioner can and should request that the BOP resolve the issue, and the BOP has the authority and ability to resolve the issue and award credits if they ultimately agree with Petitioner's position after consideration of the question. Futility will therefore not excuse Petitioner's failure to exhaust in this case.

Petitioner presents only one other argument as to why he should be forgiven his failure to even attempt to exhaust his claims before the BOP – he believes the appeal process will take six to eight months, which will rob him of some of the benefit of the credits he desires to have applied back to his sentence. "Courts have rejected these time restriction arguments," especially in cases where administrative exhaustion is necessary to establish a factual record regarding the Petitioner's contentions. *Bortolotti v. Knight*, No. 22-6137, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022). That a prisoner may have to serve out the remainder of a properly imposed sentence does not warrant excusing the exhaustion requirement absent a clear showing that his incarceration is unlawful. *Id.*

Here, Petitioner disputes the factual assertion that he is now subject to a final order of removal. He has not provided any clear evidence showing that he is not subject to a final order of removal. Instead, Petitioner provides only his own opinion that he cannot yet be subject to a final order because he has yet to appeal any removal order, but the factual record has not yet been developed sufficiently to show that no such order, such as an expedited order of removal, exists. Requiring exhaustion in this case would permit the development of a factual record clear enough to permit his claims to be resolved, and would provide the BOP with an opportunity to correct any factual error it may have made to the extent Petitioner's position proves accurate. Thus, Petitioner has failed to show that the mere length of time it will take to pursue exhaustion warrants the excusing of that requirement.

Petitioner has thus shown no basis to be permitted to evade the exhaustion requirement. As such, and because Petitioner freely admits that he did not even attempt to exhaust his claims administratively, this Court must dismiss the petition for lack of exhaustion. *Moscato*, 98 F.3d at 761. Petitioner may file a new habeas petition once he completes the exhaustion process administratively to the extent such pursuits do not resolve his claims.

## IV.  CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge